Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: acaine@pszjlaw.com
jnolan@pszjlaw.com

Attorneys for Plaintiff
David K. Gottlieb, Chapter 7 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

In re:

KSL MEDIA, INC., *et al.*,

Debtors.

☐ Affects KSL Media, Inc.
☐ Affects T.V. 10's, LLC
☐ Affects Fulcrum 5, Inc.
☒ Affects All Debtors.

Case No.: 1:13-bk-15929-MB

[Jointly Administered with Case Nos.: 1:13-bk-15930-MB and 1:13-bk-15931-MB]

Chapter 7

DAVID K. GOTTLIEB, as Chapter 7 Trustee for KSL Media, Inc.; DAVID K. GOTTLIEB, as Chapter 7 Trustee for T.V. 10's, LLC; and DAVID K. GOTTLIEB, as Chapter 7 Trustee for Fulcrum 5, Inc.,

Plaintiffs,

v.

NIELSEN MEDIA RESEARCH, INC. n/k/a THE NIELSEN COMPANY (US), LLC,

Defendant.

Adv. No. ____________________

**COMPLAINT FOR (A) AVOIDANCE OF PREFERENTIAL TRANSFERS AND (B) RECOVERY OF AVOIDED TRANSFERS, OR THE VALUE THEREOF**

Plaintiff David K. Gottlieb, as Chapter 7 Trustee for KSL Media, Inc., T.V. 10's, LLC and Fulcrum 5, Inc. ("Plaintiff" or the "Trustee"), for his complaint for avoidance and recovery of preferential transfers, alleges as follows:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## I.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and 157(a); this is a core proceeding under 28 U.S.C. § 157(b). Venue herein is proper pursuant to 28 U.S.C. §§ 1409(a) and 1409(c); this is a civil proceeding arising in and/or related to the Debtors' jointly administered chapter 7 cases, pending in the San Fernando Valley Division of the United States Bankruptcy Court for the Central District of California.

## II.

## THE PARTIES

2. On September 11, 2013 (the "Petition Date"), debtors KSL Media Inc., T.V. 10's LLC and Fulcrum 5, Inc. (each entity a "Debtor" and, collectively, the "Debtors") filed bankruptcy petitions in the San Fernando Valley Division of the United States Bankruptcy Court for the Central District of California. On October 10, 2013, the Bankruptcy Court ordered that the cases be jointly administered under case number 13-15929.

3. On December 30, 2013, the cases were converted to chapter 7, and the Trustee was duly appointed as chapter 7 trustee for all three bankruptcy estates, KSL Media, Inc., TV 10's, LLC and Fulcrum 5, Inc.

4. Defendant Nielsen Media Research, Inc. is a corporation organized and existing under the laws of the State of Delaware. Upon information and belief, Nielsen Media Research, Inc. now operates as The Nielsen Company (US), LLC ("Defendant").

## III.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5. The Debtors made transfers of property to the Defendant on or within ninety (90) days prior to the Petition Date, that is, between June 13, 2013 and September 10, 2013, in the form of payments to the Defendant, including, but not limited to, the specific transfers reflected on **Exhibit "A"** hereto, which is incorporated herein by this reference (the "Transfers").

## IV.

## FIRST CLAIM FOR RELIEF

## (TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547)

6. The Plaintiff hereby realleges and incorporates herein by reference each of the allegations contained in paragraphs 1 through 5, inclusive, of this Complaint.

7. Each of the Transfers was made by the Debtors within 90 days before the Petition Date.

8. The Transfers to Defendant were on account of an antecedent debt owed by the Debtors to Defendant before the Transfers were made.

9. Each of the Transfers constitutes the transfer of an interest of the Debtors in property made while the Debtors were insolvent.

10. Each of the Transfers constitutes the transfer of an interest of the Debtors' property that enabled the Defendant to receive more than it would receive if: (i) the Debtors' cases were pending under Chapter 7 of the Bankruptcy Code; (ii) the transfer had not been made; and (iii) such Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

11. Each of the Transfers constitutes a preferential transfer, avoidable by Plaintiff pursuant to Bankruptcy Code § 547.

## V.

## SECOND CLAIM FOR RELIEF

## (TO RECOVER AVOIDED TRANSFERS OR THE VALUE THEREOF PURSUANT TO 11 U.S.C. § 550)

12. Plaintiff realleges and incorporates herein by reference each of the allegations contained in paragraphs 1 through 11, inclusive, of this Complaint.

13. As alleged above, each of the Transfers is avoidable by the Plaintiff pursuant to Bankruptcy Code § 547.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

14. Pursuant to Bankruptcy Code § 550, for the benefit of the Debtors' estates, Plaintiff is entitled to recover from Defendant the Transfers or the value thereof.

WHEREFORE, the Plaintiff prays for judgment as follows:

1. On the First Claim for Relief, avoiding each of the Transfers under Bankruptcy Code § 547;

2. On the Second Claim for Relief, recovering each of the Transfers or the value thereof for the benefit of the Debtors' estates;

3. For pre-judgment interest on the avoided and recovered amounts;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: September 8, 2015

PACHULSKI STANG ZIEHL & JONES LLP

By */s/ Jeffrey P. Nolan*
Andrew W. Caine
Jeffrey P. Nolan

Attorneys for Plaintiff
David K. Gottlieb, Chapter 7 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

**KSL Media, Inc.**
**Summary of Analysis of Preference Payments**
**Period: 06/13/13-09/11/13**

| Payee Name | Bank Name | Account No. | Payment Date | Clear Date | Payment Number | Amount | Paid Invoice Information: Invoice Number | Invoice Amount | Invoice Date |
|---|---|---|---|---|---|---|---|---|---|
| NIELSEN MEDIA RESEARCH, INC. | CNB | 412052382 | 07/01/13 | 07/09/13 | 13656 | 93,607.87 | INV1246035 | 28,804.11 | 03/01/13 |
| P.O. BOX 88961 | | | | | | | 9340005078 | 35,939.17 | 03/05/13 |
| CHICAGO, IL 60695-8961 | | | | | | | 9340007940 | 33,194.71 | 04/03/13 |
| | | | | | | | 9340008355 | 5,095.35 | 04/17/13 |
| | | | | | | | CM 9350000574 | (81.66) | 04/23/13 |
| | | | | | | | 9350000646 | (9,343.81) | 05/03/13 |
| | | | | | | | | 93,607.87 | |
| | CNB | 412052382 | 07/11/13 | 07/18/13 | 13683 | 6,439.96 | 9340011357 | 6,439.96 | 05/20/13 |
| | CNB | 412052382 | 07/18/13 | 07/22/13 | 13701 | 43,777.06 | 9340009870 | 12,697.01 | 05/02/13 |
| | | | | | | | 9340009871 | 8,304.89 | 05/02/13 |
| | | | | | | | 9340010865 | 22,775.16 | 05/03/13 |
| | | | | | | | | 43,777.06 | |
| | CNB | 412052382 | 08/15/13 | 08/21/13 | 13756 | 18,577.60 | 9340010866 | 2,268.23 | 05/03/13 |
| | | | | | | | 9340012601 | 8,304.89 | 06/04/13 |
| | | | | | | | 9340013329 | 12,697.01 | 06/05/13 |
| | | | | | | | 9340013516 | 2,268.23 | 06/05/13 |
| | | | | | | | 9340013925 | 6,227.65 | 06/18/13 |
| | | | | | | | 9340015432 | 3,866.60 | 07/02/13 |
| | | | | | | | 9350001152 | (17,055.01) | 07/18/13 |
| | | | | | | | | 18,577.60 | |
| | CNB | 412052382 | 08/22/13 | 08/28/13 | 13801 | 11,095.28 | 9340015430 | 12,697.01 | 07/02/13 |
| | | | | | | | 9340015431 | 8,304.89 | 07/02/13 |
| | | | | | | | 9350001394 | (9,906.62) | 08/06/13 |
| | | | | | | | | 11,095.28 | |
| | | | | | | 173,497.77 | | | |

B104 (FORM 104) (08/07)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
DAVID K. GOTTLIEB, as Chapter 7 Trustee for KSL Media, Inc.;
DAVID K. GOTTLIEB, as Chapter 7 Trustee for T.V. 10's, LLC; and
DAVID K. GOTTLIEB, as Chapter 7 Trustee for Fulcrum 5, Inc.

**DEFENDANTS**
NIELSEN MEDIA RESEARCH, INC. n/k/a THE NIELSEN COMPANY (US), LLC

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910; Facsimile: (310) 201-0760

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor ☐ Other
☒ Trustee

**PARTY** (Check One Box Only)
☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Recovery of money/property - §547 preference; §550 recover avoided transfers or the value thereof

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint
Demand $173,497.77

Other Relief Sought

American LegalNet, Inc.
www.FormsWorkflow.com

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>KSL MEDIA, INC. et al. | BANKRUPTCY CASE NO.<br>1:13-bk-15929 | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL CALIFORNIA | DIVISION OFFICE<br>SAN FERNANDO VALLEY | NAME OF JUDGE<br>MARTIN R. BARASH |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*/s/ Jeffrey P. Nolan*

| DATE<br>September 8, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ANDREW W. CAINE/JEFFREY P. NOLAN |
|---|---|

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



American LegalNet, Inc.
www.FormsWorkflow.com